WILLIAM PORTER *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Malicious injury to property. Statutory offenses. Code* 1892, § 1315. *Ib.,* § 3902.

    A defendant may be convicted under Code 1892, § 1315, making it a crime for any person to commit a willful and malicious trespass on the property of another "for which no other penalty is prescribed," although the trespass was the direct consequence of defendant's violation of Code 1892, § 3902, making it a misdemeanor for the driver of a vehicle upon a highway not to turn to the right when met by another vehicle.

2. SAME. *Malice. Wilfulness. Gross recklessness.*

    Gross recklessness may supply both malice and willfulness within the meaning of Code 1892, § 1315, making it a crime for any person to commit a willful or malicious trespass on the property of another.

FROM the circuit court of Holmes county.

HON. LOUIS M. SOUTHWORTH, Special Judge.

Porter, appellant, was tried and convicted of a misdemeanor, the violation of Code 1892, § 1315, and appealed to the supreme court.

The charge was "that William Porter, on May 8, 1903, did commit a willful and malicious trespass upon the horse of Robert Ervin by driving a buggy shaft into the hip of said horse." Ervin, the owner of the horse, testified for the state, on the trial of the case, that he was going along the highway to a public dinner at a church, and when he got near the church he met Porter who was driving a buggy and horse; that when witness first saw defendant he was about fifty yards from him, defendant was running his horse, and going from one side of the road to the other, and witness commenced throwing up his hands to keep Porter from running over two women just ahead of him; that there was a man in the buggy with Porter, and when they got near the women this man grabbed the lines, but Porter would not let him have them, and this man said, "Look out, Bill, you will run over the women!" and Bill said, "Damn the women!" That defendant was still in the road, but the women got to one side, and Porter passed them, and ran into witness' horse, running the shaft of his buggy into the hip of the horse; that the road was about twenty feet wide at that point, and Porter's horse was running; that, if Porter had turned to his right, he could have passed in safety without striking anything or any body; there was no previous bad feeling between him and Porter. Defendant, after the state's evidence was all in, moved the court to exclude it, and grant a peremptory instruction to find defendant not guilty. The court overruled the motion, and defendant excepted. It is contended for appellant that there was no malice shown, and that it was shown that defendant was guilty of violating section 3902 of the Code of 1892, and for these two reasons he could not be convicted under section 1315.

*W. L. Dyer,* for appellant.

If the testimony shows anything at all, it demonstrates conclusively that the injury to the horse, which is the wrong complained of, was brought about by the reckless driving of appellant and his failure to observe the law of the road and turn to the right, when he saw the women coming to meet him in the buggy. It was a case of gross negligence taking the state's evidence to be true, and a willful disregard for the rights of other passengers on the highway, deserving of punishment. But it was not a violation of Code 1892, § 1315, under which appellant was prosecuted and convicted. That section prescribes its own application and limitation to cases "for which no other penalty is prescribed."

There is a specific statute, prescribing a full and complete penalty, civil and criminal, for the facts as proven by the state. It is section 3902, Code 1892, which provides "that the driver of a vehicle using any public road, shall keep to the right hand on meeting another vehicle, and for a willful offense against this provision shall be fined $5.00 for each offense, and be liable for damages if injury result." This is a complete penalty, civil and criminal, for the acts complained of, and covers fully the state of facts proven by the state. For this reason section 1315 did not apply, and, therefore, the motion to exclude should have been granted.

And again, this was an injury to a horse, a common specie of personal property. If the facts shown by the state indicate malice, despite the statement of the prosecutor that he and appellant were on good terms, then the case is clearly controlled by section 1022 or by section 1209 of the Code, and section 1315 does not apply.

Section 1315 itself does not apply to all trespasses that may be commiteed upon the property of another, but only to such as are willfully and maliciously done.

Opinion of the court.

*J. N. Flowers,* assistant attorney general, for appellee.

The case is made out by proof of willfulness or malice. "Willful" as used in the Code of 1892, § 1315, means corruptly intending, acting with a bad purpose without reasonable ground to believe the act lawful and without legal justification. It is not necessary to show that defendant also acted maliciously. These two words are distinguished in *Bowers Case,* 24 Tex. App., 549; *Commonwealth* v. *Kneeland,* 20 Pick., 245; and Bishop's Criminal Law, sec. 428.

CALHOON, J., delivered the opinion of the court.

The horrible conduct of the accused, his absolute recklessness, as shown by the evidence for the state, supplied both malice and willfulness, and he was properly convicted under Code 1892, § 1315. We cannot take the view that he was not properly convicted because by the words in that statute, "for which no other penalty is prescribed," he might have been also charged and convicted under Code 1892, § 3902, for not keeping to the right hand in a public road. He remains liable for that distinct offense under that section, and sections 1022 and 1209, Code 1892, do not apply to the case at bar, there being here no specific spirit of revenge against the owner, or wanton cruelty to the horse, or any specific purpose to maliciously or mischievously injure that particular horse. The result arose out of a spirit of general abandoned deviltry, which was tantamount to willfulness as to all men and to all animals he might confront.

*Affirmed.*